## DANIELLE R. HURDER ET AL. *v.* ELIZABETH M. PELKEY ET AL.

### (3624)

DUPONT, C. J., HULL, and DALY, Js.

Argued April 29—decision released August 5, 1986

*Herbert Watstein,* for the appellants (plaintiffs).

*Herbert J. Shepardson,* for the appellees (defendants).

DALY, J. The plaintiffs instituted this action against the defendants to recover for injuries and damages sustained by the named plaintiff as a result of an intersection accident involving a bicycle operated by the named plaintiff and an automobile operated by the named defendant.[1] The plaintiff has appealed from the refusal by the trial court to set aside the jury verdict

---

[1] We will refer to the parties as the plaintiff and defendant because the coplaintiff is the father of the named plaintiff and the codefendant is the owner of the car the defendant was operating.

rendered in favor of the defendant. The plaintiff's sole claim of error is that the trial court failed to charge the jury in accordance with her requests to charge.

The jury could reasonably have found the following facts. On June 27, 1979, the fifteen year old plaintiff, Danielle R. Hurder, was riding her bicycle in an easterly direction on New Street in Bristol with a friend, Heidi Bishop. The two were approaching the intersection of New Street and Andrews Street. The defendant, at that time, was operating a motor vehicle at a speed below the posted speed limit in a southerly direction on Andrews Street. While there was a stop sign on New Street, there was no stop sign on Andrews Street at the intersection. Bishop stopped at the stop sign on New Street before reaching the intersection. The plaintiff, however, rode her bicycle past the stop sign without stopping and into the intersection where she was struck by the defendant's motor vehicle and sustained severe injuries as a result of the collision.

The plaintiff alleged that the defendant was negligent in several respects in the operation of her motor vehicle, inter alia, in failing to keep a proper lookout; in failing to sound her horn; in failing to stop her motor vehicle in time to avoid the collision; and in travelling at an excessive rate of speed. The defendant pleaded contributory negligence on the part of the plaintiff.

"The supreme court shall not be bound to consider error as to the giving of, or the failure to give, an instruction unless the matter is covered by a written request to charge or exception has been taken by the party appealing immediately after the charge is delivered." Practice Book § 315. While the plaintiff filed written requests to charge in accordance with Practice Book § 315, she violated the mandate of Practice Book § 318 which enjoins a party from filing more than fifteen requests "unless, for good cause shown, the

court permits the filing of an additional number." The plaintiff filed twenty-six requests, without seeking leave of the court to do so. Filing more than fifteen requests to charge relieves the trial court of the duty to choose any of them. "In these circumstances the trial judge is under no duty to select [the plaintiff's] fifteen finalists among the [twenty-six] contestants." *Merrill Lynch, Pierce, Fenner & Smith, Inc.* v. *Cole,* 189 Conn. 518, 527 n.2, 457 A.2d 656 (1983). The trial court did not, therefore, err in refusing to give any of the instructions which the plaintiff had requested.

There is no error.

In this opinion the other judges concurred.